IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FOR OUR RIGHTS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID Y. IGE,<br><br>Defendant. | CIVIL NO. 21-00488 JAO-KJM<br><br>ORDER DISMISSING AMENDED COMPLAINT |

**ORDER DISMISSING AMENDED COMPLAINT**

Plaintiffs For Our Rights, Inc., Greg Bentley, Steven Forman, John Heideman, Levana Lomma, and Geralyn Schulkind (collectively, "Plaintiffs") filed an "Amended Complaint" alleging that Defendant David Y. Ige ("Governor Ige" or "Defendant") violated their procedural due process rights and rights under the Fourth Amendment when he issued emergency proclamations requiring quarantines during the height of the COVID-19 pandemic. ECF No. 40. Defendant moves to dismiss the Amended Complaint, arguing that he has qualified immunity and Plaintiffs fail to state a claim on which relief can be granted ("Motion"). ECF No. 41.

For the following reasons, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

Because the parties are familiar with the background of this case, the Court only includes certain details for context.[1]

Plaintiffs commenced this action by filing a complaint on December 12, 2021. ECF No. 1. The Court granted a motion to dismiss the complaint on August 23, 2022, but granted leave to amend. ECF No. 38. Plaintiffs then filed the Amended Complaint on October 7, 2022, ECF No. 40, but sought leave to amend the Amended Complaint less than a month later. ECF Nos. 47, 54. That motion was denied, and the denial affirmed on appeal to this Court. ECF Nos. 65, 68, 69, 70 at 14. As such, the Amended Complaint, ECF No. 40, remains the operative complaint.

The Amended Complaint raises constitutional challenges to Governor Ige's emergency proclamations that effectuated lockdowns from March 23, 2020 through July 17, 2020, and travel restrictions and self-quarantines from March 23, 2020 through August 6, 2021. *Id*. at 3. Specifically, Plaintiffs allege a Section 1983 procedural due process claim, *id*. at 18–19, and a Fourth Amendment

---

[1] For a recitation of the background facts, *see* ECF No. 38 (Order Dismissing Complaint); ECF No. 65 at 2–4 (Order Denying Plaintiff's Motion For Leave to Correct Amended Complaint); ECF No. 70 (Order Affirming The Magistrate Judge's Order Denying Plaintiffs' Motion For Leave To Correct Amended Complaint) at 2–3.

unreasonable seizures claim, *id*. at 19–20. In the caption, the Complaint names Defendant in his official and personal capacities. *Id*. at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (citing FRCP 8(a)(2)) (some alterations in original).

If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

### III.   DISCUSSION

Governor Ige² argues that he is entitled to qualified immunity because his emergency proclamations did not violate any clearly established law and were

---

² Although not clear, it appears the Amended Complaint names Governor Ige in his official capacity and individual capacity. *Compare* ECF No. 40 at 1 (caption naming Governor Ige "in his official capacity . . . and personal capacity") with *id.* at 4 (listing Governor Ige as the sole defendant but not identifying his capacity). Plaintiffs apparently surrender any claim against Defendant in his official capacity

issued with the purpose of protecting the health, safety, and welfare of the people of the State of Hawaiʻi.  ECF No. 41-1 at 19–21.

A.  **Qualified Immunity**

Governor Ige is entitled to qualified immunity unless Plaintiffs pled facts showing "(1) that [he] violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted).  District courts have the discretion to determine which of the two elements to approach first and "are encouraged to address the prongs in the order that would expedite resolution of the case." *Abiding Place Ministries v. Newsom*, Case No. 3:21-cv-00518-RBM-DDL, 2023 WL 1999488, at *6 (S.D. Cal. Feb. 14, 2023) (citations omitted).

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.  The rule must be settled law." *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018) (internal quotation marks, citation omitted).  In other words, "[s]tate officials have qualified immunity from civil liability under § 1983 insofar as their conduct does not violate clearly established

---

in their opposition.  *See* ECF No. 48 (caption no longer naming Governor Ige in his official capacity).  In any event, and as Defendant points out, the Court's prior order dismissing the original complaint precluded suit against Governor Ige in his official capacity pursuant to the Eleventh Amendment.  ECF No. 38 at 11.  Therefore, to the extent Plaintiffs sues Governor Ige in his official capacity, those claims are barred.

statutory or constitutional rights of which a reasonable person would have known." *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (internal quotation marks, citation omitted).

**B.     Procedural Due Process Claim**

In their First Claim for Relief, Plaintiffs allege Governor Ige committed procedural due process violations by failing to: make individualized health assessments, offer timely notice about the quarantines and the right to challenge them, and hold hearings where Plaintiffs could challenge quarantine orders. ECF No. 40 at 18–19. The Court adopts its reasoning articulated in the Court's Order Affirming the Magistrate Judge's Order Denying Plaintiffs' Motion for Leave to Correct Amended Complaint, ECF No. 70, and concludes that Planitiffs have not shown that Governor Ige violated their procedural due process rights. *See* ECF No. 70 at 5–8.

Even if the Court were to determine otherwise, Governor Ige prevails on the second qualified immunity prong because, at the time he issued the emergency proclamations, there was no precedent that the particular procedural due process right was clearly established. *Armstrong v. Newsom*, Civil No. 21-55060, 2021 WL 6101260 (9th Cir. 2021), is particularly instructive. There, plaintiffs challenged California Governor Gavin Newsom's executive order that residents "stay home" to prevent the spread of COVID-19. *Id*. at *1. The Ninth Circuit

affirmed the district court's dismissal on qualified immunity grounds, concluding that at the time of the executive order, "there was no Ninth Circuit or Supreme Court precedent instructing the Governor that he could not issue the order." *Id.* Governor Newsom's executive order, the Ninth Circuit reasoned, "had a real or substantial relation to protecting public health and was not beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Id.* (citation omitted). Applied here, Governor Ige's proclamations were not "beyond all question" an invasion of clearly established rights and were implemented in response to a global health pandemic.

Because Governor Ige has qualified immunity as to the procedural due process claim raised in the Amended Complaint, the Court GRANTS the Motion as to that claim.

C. **Fourth Amendment Seizures Claim**

Plaintiffs then allege in their Amended Complaint that Governor Ige's emergency proclamations, which caused them to quarantine without warrant or probable cause, violated their right to be free from unreasonable seizures as protected by the Fourth Amendment. ECF 40 at 19–20. In their memorandum in opposition, however, Plaintiffs fail to respond to any of Defendant's arguments regarding their Fourth Amendment claim. Plaintiffs similarly did not take issue with Magistrate Judge Kenneth J. Mansfield's finding that subjecting Plaintiffs to

7

quarantine does not constitute a seizure within the scope of the Fourth Amendment when they appealed the Order Denying Plaintiff's Motion for Leave to Correct Amended Complaint. *See* ECF No. 65 at 9–10.

For the reasons articulated in the Court's Order Affirming the Magistrate Judge's Order Denying Plaintiffs' Motion for Leave to Correct Amended Complaint, ECF No. 70, the Court concludes that Planitiffs have not shown that Governor Ige implemented the emergency proclamations in an investigative or administrative capacity, but instead for the independent purpose of responding to the global pandemic brought on by COVID-19. *See United States v. Attson*, 900 F.2d 1427, 1429 (9th Cir. 1990) ("[T]he type of conduct regulated by the fourth amendment must be somehow designed to elicit a benefit for the government in an investigatory or, more broadly, an administrative capacity.").

Because Plaintiffs fail to state a claim under the Fourth Amendment, the Court GRANTS the Motion as to that claim.

## IV.   CONCLUSION

For the reasons stated herein, the Court hereby GRANTS Defendant's Motion to Dismiss. Because Governor Ige is immune from suit for the claims here, the Court will not grant Plaintiffs leave to amend. The Clerk is DIRECTED to enter judgment in favor of Defendant and close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 17, 2023.



Jill A. Otake
United States District Judge